**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>TIANHAI CUI; WENWU CUI,<br><br>          Petitioners,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>          Respondent.</td><td>No.   15-72820<br><br>Agency Nos.     A099-724-518<br>                     A099-724-517<br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2019
Pasadena, California

Before:    TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[**]
District Judge.

Petitioners Tianhai Cui ("Cui") and his son Wenwu petition for review of

the denial of their applications for asylum; Cui also petitions for review of the

denial of his application for withholding of removal and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Convention Against Torture ("CAT"). We grant the petition as to the claims for asylum and withholding of removal and remand for further proceedings on those claims. We deny the petition as to the CAT claim.

1.     The Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") determined that Cui did not credibly testify about the circumstances of his arrest in China. But Cui never mischaracterized the circumstances of his arrest; his testimony was consistent and was not contradicted by any other evidence in the record. He consistently claimed that his argument with his neighbor was a property dispute and that the neighbor had knowledge of Cui's wife and daughter's practice of Christianity. Cui also consistently claimed that after his neighbor reported him to the authorities, the police interrogated Cui about both the underground church in his house and the altercation with his neighbor. Therefore, the BIA's adverse credibility determination was not supported by substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

Furthermore, the IJ did not give Cui adequate notice of the need to provide corroborative testimony from his son and daughter. The IJ asked Cui for specific corroborating evidence—which Cui provided—but never asked for testimony from Cui's son or daughter. Later, the IJ and the BIA used the lack of testimony from Cui's son or daughter to discredit Cui's testimony and support an adverse

credibility finding. The IJ's failure to give proper notice and an opportunity to provide this testimony was a significant error, and this lack of corroboration cannot be held against Cui to support an adverse credibility finding. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016).

**2.** The BIA also concluded that even if Cui's testimony was credible, he did not suffer past persecution. But a finding of past persecution is compelled by the record based on the totality of the circumstances of Cui's arrest: he was electrically shocked and kicked for about ten minutes, held in detention for seven days, forced to confess to his wife's "crimes," and admit that the church meeting in his house was illegal. After his release, he was required regularly to check in with the police. *See Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018); *Quan v. Gonzales*, 428 F.3d 883, 888–89 (9th Cir. 2005) ("Using an electrically-charged baton on a prisoner . . . may constitute persecution, even when there are no long-term effects and the prisoner does not seek medical attention."). Cui suffered persecution based on his imputed religion. The underground church was a central reason for Cui's arrest and a central topic of the interrogation, even if not the sole reason or topic. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009).

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Because Cui testified credibly and established that he suffered past persecution on the basis of his imputed religion, we remand in order to afford the government the opportunity to rebut this presumption by showing a fundamental change in circumstances such that Cui no longer has a well-founded fear of persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005).

**3.**    We deny Cui's petition as to his CAT claim. Cui has not shown it is more likely than not that he would be tortured if he is returned to China. He claims only that he would "be arrested and put into prison against [his] freedom" if he returned, which would not qualify as torture. *See Guo*, 897 F.3d at 1217.

**DENIED in part, GRANTED and REMANDED, in part.**